# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAIVIONTAE TYRELL JOHNSON,

        Plaintiff,

v.

JONATHAN PAWLYK, ABAGAIL
HOLLFELDER, PAYTON VINCENT,
SAHIRA RUETER, and JOHN DOE,

        Defendants.

Case No. 25-CV-915-JPS

**ORDER**

Plaintiff Daiviontae Tyrell Johnson, an inmate confined at Green Bay Correctional Institution ("GBCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF 1. On November 4, 2025, the Court screened Plaintiff's complaint and allowed Plaintiff to proceed on the following two claims: (1) Eighth Amendment claim against Defendants Jonathan Pawlyk ("Pawlyk"), Abagail Hollfelder ("Hollfelder"),[1] Payton Vincent ("Vincent"), Sahira Rueter ("Rueter"), and John Doe ("Doe) for their indifference to the serious risk of Plaintiff's self-harm; and (2) Eighth Amendment claim against Pawlyk, Hollfelder, Vincent, Rueter, and Doe for their deliberate indifference to Plaintiff's serious medical needs. ECF No. 18 at 6.

On December 18, 2025, Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies as to all claims. ECF No. 24. On January 23, 2026, Plaintiff filed a

---

[1] The Court notes that this defendant was originally named as Mourlour. *See* ECF No. 1.

motion for an extension of time to respond. ECF No. 32. On February 10, 2026, Plaintiff filed a brief in opposition, ECF No. 35. On February 18, 2026, Defendants filed a reply. ECF No. 41. The motion for summary judgment is now fully briefed and ready for disposition. The Court will grant Plaintiff's motion for an extension of time and has considered his opposition materials. For the reasons explained below, the Court will deny Defendants' motion for summary judgment based on the failure to exhaust administrative remedies and the case will proceed on the merits.

## 1. STANDARD OF REVIEW

### 1.1 Summary Judgment

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

### 1.2 Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v.*

*McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1   Inmate Complaint Review System

The Wisconsin Department of Corrections (the "DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a).  Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id.* § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or

her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10).[2] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted.  *Id.* § DOC 310.13(4).

## 2.      RELEVANT FACTS

Defendants' motion for summary judgment addresses the issue only of whether Plaintiff exhausted his administrative remedies as to his Eighth Amendment claims. The Court accordingly finds the following facts relevant to the disposition of the issue at hand.

---

[2]The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

### 2.1 Plaintiff's Allegations

On June 13, 2024, Hollfelder came to the cell front and witnessed Plaintiff cut his left leg and swallow a razor. ECF No. 1 at 1. Hollfelder walked off and did not tell PSU about Plaintiff's self-harm. *Id.* The following day, Plaintiff begged Vincent for medical attention to treat his pain. *Id.* at 2. Plaintiff swallowed another razor in front of Vincent; Vincent walked away and did not help Plaintiff. *Id.* Plaintiff begged Doe for help with the pain; Doe refused so Plaintiff swallowed another razor in front of Doe. *Id.* Doe walked away. *Id.* At this point, blood was on Plaintiff's floor, and he was throwing up because of the three razors. *Id.* Rueter refused to help Plaintiff, so he swallowed a fourth razor in front of Rueter. *Id.* Rueter walked off without helping Plaintiff. *Id.* at 3. Pawlyk came to Plaintiff's cell and refused to help despite the blood on the floor. *Id.* Plaintiff swallowed another razor in front of him, but Pawlyk walked off without helping Plaintiff. *Id.* Plaintiff was self-harming from approximately 10:30 a.m. until 2:19 p.m.

Plaintiff was finally pulled out of his cell and saw a nurse in health services. *Id.* at 4. PSU allowed staff to put Plaintiff in restraints as a punishment. *Id.* Defendants delayed Plaintiff's medical treatment after swallowing five razors. *Id.* at 5. Plaintiff was coughing up blood, and the razors were cutting his insides. *Id.* On the morning of June 15, 2025, nurse Rachel saved Plaintiff's life by getting him sent to the hospital for treatment. *Id.* at 5-6. Plaintiff had surgery at the hospital to remove the razors. *Id.* at 6.

### 2.2. Exhaustion Facts

Defendants filed proposed findings of fact along with their motion. ECF No. 26. Plaintiff filed a response to Defendants' facts along with his own proposed findings of fact. ECF Nos. 36, 37. Defendants responded to Plaintiff's findings of fact. ECF No. 42. Taking the facts in the light most

favorable to Plaintiff, the Court finds the following facts exhaustion facts relevant to the exhaustion question.

### 2.2.1   WCI-2024-10314

On June 18, 2024, the ICE received an inmate complaint from Plaintiff. In the complaint, dated June 17, 2024, Plaintiff wrote that he attempted to kill himself on June 13, 2024 and that the following morning he cut himself and swallowed razors in front of staff and that the staff failed to protect him. On June 18, 2024, ICE Brian Kolb returned the complaint to Plaintiff and instructed him to attempt to resolve the issue with Captain Pawlyk. Kolb further instructed Plaintiff to resubmit his complaint within ten working days, whether or not he received a reply from Pawlyk. Kolb directed Plaintiff to submit the original complaint and the return letter when he resubmitted the inmate complaint.

On July 11, 2024, the ICE received and acknowledged Plaintiff's resubmitted inmate complaint, WCI-2024-10314. The complaint shows that Plaintiff signed the complaint on July 8, 2024. In his resubmitted complaint, Plaintiff described his one issue as staff failing to protect him from self-harm when they saw him swallow six razors and walked away. Plaintiff did not submit the original complaint or the return letter when he resubmitted the complaint. Plaintiff does not dispute this fact; however, he maintains that his failure to do so was because prison staff tampered with his property.  Plaintiff provided the following explanation for the timing of his complaint: "It should be known I was sent out to Waupun Hospital on 6/15/24 to receive surgery to remove the razors. It should be known I was on OBS 3 times threwout[sic] the 14 days time period. . . ." On July 30, 2024, the ICE rejected the complaint. The rejection stated that the complaint was

beyond the fourteen-day time limit and that Plaintiff made "no plea for good cause."

On August 6, 2024, Plaintiff appealed the rejection to the Warden. In his appeal, Plaintiff wrote that his complaint should not have been rejected due to having "evidence to show a plea of good cause." Plaintiff explained that he was in observation from June 29, 2024, to July 3, 2024, and again on July 7, 2024, to July 9, 2024. Plaintiff further stated that he did not have access to file his complaint within the fourteen-day time limit. On August 12, 2024, the Warden determined that the ICE appropriately rejected Plaintiff's complaint. On August 19, 2024, Plaintiff appealed WCI-2024-10314 to the CCE Office. The CCE Office returned the appeal to Plaintiff, as the CCE does not review rejected complaint. CCE Emily Davidson found no further inmate complaints regarding the claims on which Plaintiff was allowed to proceed.

### 2.2.2 Clinical Observation

Plaintiff was in clinical observation from June 13, 2024, to June 17, 2024, and June 29, 2024, to July 3, 2024. Clinical observation is a non-punitive status used for the temporary confinement of an inmate to ensure their safety if they are deemed to be a danger to themselves or others. Plaintiff was on medical observation from June 26, 2024, to June 28, 2024. Medical observation is a non-punitive status used for the temporary confinement of an inmate if the inmate has a medical problem that requires separation from the population for medical treatment. Plaintiff provides that inmates are taken away from their property on medical observation. The parties dispute whether inmates are allowed to submit inmate complaints while in clinical observation. While in clinical observation, inmates are not allowed to have writing utensils or paper. Defendants

maintain that if an inmate needs to fill out a health or psychological service request, or an inmate complaint, inmates have staff members available as resources to assist them in filling out forms. While in medical observation, typically inmates are allowed utensils and paper.

**3. ANALYSIS**

Defendants request summary judgment because Plaintiff failed to exhaust his administrative remedies as to the Eighth Amendment claims at issue in this case. ECF No. 25 at 1. Specifically, Defendants argue that Plaintiff did not exhaust because he failed to timely file an inmate complaint. *Id.* at 25. Plaintiff argues that the fourteen-day time limit should not have applied because he was unavailable to file a complaint. ECF No. 35 at 1.

One purpose of the exhaustion requirement is to permit prison officials the opportunity to address inmate concerns internally before an inmate initiates litigation. *Woodford v. Ngo,* 548 U.S. 81, 89 (2006); *Schillinger v. Kiley,* 954 F.3d 990, 995 (7th Cir. 2020). Exhaustion "promotes efficiency because a claim can generally be resolved much more quickly in an administrative proceeding than in litigation in federal court." *Schillinger*, 954 F.3d at 995. However, exhaustion is not required when there is no "available" remedy, 42 U.S.C. § 1997e(a), such as when (1) the system is so opaque that no ordinary prisoner can discern or navigate it; (2) prison staff actively thwart prisoners from taking advantage of a grievance process; or (3) the procedures are a guaranteed "dead end." *Ross v. Blake*, 578 U.S. 632, 642–44 (2016).

In filing a grievance, a prisoner's compliance with procedural rules is important in making sure prison officials have "a fair opportunity to consider the grievance." *Woodford*, 548 U.S. at 82. As such, "[ordinarily, a

complaint that is *rejected* for procedural reasons, rather than *dismissed* after a determination on the merits, does not exhaust a prisoner's administrative remedies." *Durley v. Kacyon*, No. 21-CV-154-PP, 2022 WL 16530885, at *5 (E.D. Wis. Oct. 29, 2022) (citing *Conyers*, 416 F.3d at 584); *accord Parker v. Almonte-Castro*, No. 21-CV-509-BBC, 2022 WL 2274875, at *4 (W.D. Wis. June 23, 2022) ("[W]hen a complaint is rejected for procedural reasons, it cannot satisfy the exhaustion requirement even if appealed."). But courts in this district have concluded that rejection of an institutional complaint does not *necessarily* render it unexhausted. *See, e.g., Lindell v. Greff*, No. 19-C-827, 2021 WL 718237, at *3 (E.D. Wis. Feb. 24, 2021) ("Because inmates must follow the ICRS rules to properly exhaust, *sometimes* the rejection of an offender complaint demonstrates that the plaintiff did not follow the rules and therefore did not properly exhaust." (emphasis added)).

Courts have held that where an ICE examiner's interpretation and application of a requirement, including an erroneous application of a provision or mishandling of a submitted grievance, obstructs a plaintiff from obtaining a meaningful opportunity to present his grievance, the plaintiff is not obligated to exhaust his remedies. *See Jones v. Frank*, 07-cv-141-bbc, 2008 WL 4190322 at *3 (W.D. Wis. April 14, 2008). While courts "must give deference to prison officials regarding interpretation and application of their own grievance procedures," where a plaintiff is not given a meaningful opportunity to present grievances, a court can find the plaintiff was unable to exhaust. *Id.*; *see also Dole v. Chandler*, 438 F.3d 804, 810–12 (7th Cir. 2006).

Here, the Court finds that the complaint examiner erroneously rejected Plaintiff's July 8, 2024 complaint as untimely. The rejection of the complaint failed to recognize that Plaintiff provided an explanation for the

late filing of the complaint. Defendants state that there is "no debate that the plaintiff never pled good cause in the filing of his untimely complaint. . . ." ECF No. 41 at 2. The Court, however, disagrees. As indicated above, Plaintiff clearly stated that the fourteen-day deadline should not apply due to his hospital stay and time in observation. Although Plaintiff did not specifically use the phrase "good cause" in this explanation, the Court finds it unreasonable that the complaint examiner did not even acknowledge Plaintiff's explanation for the late filing. Plaintiff was therefore not given a meaningful opportunity to present his grievance.

As such, the Court finds the inmate examiner "improperly rejected Plaintiff's inmate complaint, making the administrative remedies unavailable to him." *Jones-El v. Moore*, No. 23-C-1138, 2024 WL 1554101, at *3 (E.D. Wis. Apr. 10, 2024) (citing *Dole*, 438 F.3d at 809 ("Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting.")); *see also Patterson v. Whitman*, No. 24-CV-939-PP, 2025 WL 1885743, at *6 (E.D. Wis. July 8, 2025) ("In effect, that rejection rendered administrative remedies unavailable to the plaintiff for any claim tangentially related to his first complaint."). The Court therefore finds that administrative remedies were not available to Plaintiff to properly exhaust his inmate complaint. The Court will accordingly deny the Defendants' motion for summary judgment based on the failure to exhaust administrative remedies.

## 4.     CONCLUSION

For the reasons explained above, the Court will deny Defendants' motion for summary judgment based on the failure to exhaust

administrative remedies. The case will therefore proceed on the merits, and the Court will issue a scheduling order in due course.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an extension of time, ECF No. 32, be and the same is hereby **GRANTED**; the Court accepts Plaintiff's opposition materials as timely; and

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment based on the failure to exhaust administrative remedies, ECF No. 24, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge